# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| TIMOTHY EDWARD HOLZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO. CIV-17-1281-HE |
| | ) | |
| TERRI COULTER, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This case arises out of plaintiff Timothy Holz's challenge to his sentence for a federal bank robbery conviction. Following a plea of guilty, plaintiff was sentenced by another judge in this district to 210 months imprisonment for the bank robbery offense. Case No. CR-01-211-C [Doc. # 38]. Plaintiff later filed a motion to vacate the sentence. Counsel was appointed for him in connection with the motion, and Terri Coulter, the defendant in this case, was later substituted as that counsel. The motion to vacate was eventually denied by the court. Mr. Holz has appealed that determination, which is apparently still pending.

In this case, plaintiff Holz asserts claims against his former attorney Coulter. The plaintiff is proceeding *pro se* here and some of his claims are not altogether clear. However, he appears to assert claims for violation of his First, Fifth and Sixth Amendment rights as well as malpractice claims under state law. All the claims are directed to Coulter's alleged conduct in her representation of plaintiff in the § 2255 proceeding.

Plaintiff filed this case in the District Court of Oklahoma County, Oklahoma, and defendant Coulter removed the case to this court. Coulter has now moved to dismiss

plaintiff's claims. Plaintiff did not respond to the motion in timely fashion. However, as the non-response may have been related to a change in plaintiff's address, the court granted plaintiff additional time to respond to the motion. He has now filed a further pleading [Doc. #9] which more or less responds to the motion. Plaintiff's response includes the suggestion that this case was improperly removed from state court. Defendant Coulter has since filed a response/reply suggesting that any objection to the propriety of removal is non-timely.

The court concludes plaintiff's objection to the removal, however inartfully stated,[1] is valid and that this case must be remanded.

As a general proposition, an objection to removal of a case from state court must be asserted within thirty days of the removal. However, as defendant Coulter's response acknowledges, that limit applies only as to defects in the removal "other than lack of subject matter jurisdiction . . . ." 28 U.S.C. § 1447(c). Here, the court concludes the pertinent defect in the removal goes to subject matter jurisdiction, so timeliness does not bar consideration of the remand question.

Defendant removed the case based on the existence of a federal question. *See* 28 U.S.C. § 1331. And, as noted above, Mr. Holz asserts claims based on the alleged violation by Coulter of various federal constitutional rights. While his *pro se* petition does not mention either 42 U.S.C. § 1983 or <u>Bivens v. Six Unknown Named Agents of Fed. Bureau</u>

---

[1] *Most of plaintiff's response is directed to his complaints on the merits, or to some apparently anticipated further testimony which he may or may not give elsewhere in light of him being, in some sense, "free as a Golden Eagle with a 16 foot wingspan."*

2

of Narcotics, 403 U.S. 388 (1971), that statute and case are the most common bases for causes of action asserting constitutional claims against public officials. Pahls v. Thomas, 718 F.3d 1210, 1225 (10th Cir. 2013).[2] So the question here becomes whether or not Mr. Holz has stated a colorable federal claim sufficient under either § 1983 or Bivens to invoke federal jurisdiction.

To state a claim under either Section 1983 or Bivens, a plaintiff must show that the defendant committed the alleged violations under the color of state or federal law. This requirement is jurisdictional. *See* Polk Cnty. v. Dodson, 454 U.S. 312, 315 (1981) (Section 1983 requires that the official act under color of state law); Wideman v. Watson, 617 F. App'x 891, 893-94 (10th Cir. 2015) (no subject-matter jurisdiction over Bivens claim where defendants were not acting under color of federal law). A public defender, although an employee of a state agency, does not act under color of state law when "performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk Cnty. at 325. That principle also applies to attorneys who are appointed by federal courts as defense counsel in both the Section 1983 and Bivens contexts. *See* Lemmons v. Law Firm of Morris & Morris, 39 F.3d 264, 266 (10th Cir. 1994) (Section 1983); Haley v. Walker, 751 F.2d 284, 285 (10th Cir. 1984) (Bivens); *see also* Allred v. McCaughey, 257 F. App'x 91, 92-93 (10th Cir. 2007).

Here, it is clear that all of plaintiff's claims are based on actions allegedly taken by Ms. Coulter in the course of her representation of him in the federal habeas proceeding.

---

[2] *There may be other statutory or similar grounds available for particular types of claims, but none appear to be applicable here.*

There is no basis alleged for concluding anything other than that she was performing a lawyer's traditional functions as his counsel. There is therefore no basis alleged for concluding that Ms. Coulter was acting under color of state or federal law in connection with the alleged acts upon which plaintiff relies. The result is that the plaintiff has not stated a colorable federal claim, and this court therefore lacks subject matter jurisdiction to resolve the broader controversy. *See* Lay v. Otto, 530 F. App'x 800, 802-03 (10th Cir. 2013). The case must therefore be remanded. 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.")

This case is **REMANDED** to the District Court of Oklahoma County, State of Oklahoma. Each party shall bear their own costs and expenses in connection with the removal.

**IT IS SO ORDERED.**

Dated this 23rd day of March, 2018.

JOE HEATON
CHIEF U.S. DISTRICT JUDGE